# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

----------------------------------------------------------------------- X
                                                   :

SUN LIFE ASSURANCE COMPANY OF CANADA,      :

                                                   :
                        Plaintiff,                        :
                                                   :
                        -against-                       :
                                                   :    C.A. No. 16-1032-GMS
U.S. BANK NATIONAL ASSOCIATION, as Securities    :
Intermediary,                                       :
                                                   :
                        Defendant.                :
                                                   :
----------------------------------------------------------------------- X

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER**

                                   MORRIS, NICHOLS, ARSHT
                                       & TUNNELL LLP

                                   Kenneth J. Nachbar (#2067)
                                   1201 N. Market Street
                                   Wilmington, DE 19801
                                   (302) 658-9200
                                   knachbar@mnat.com

                                   *Attorneys for Defendant U.S. Bank National Association*

OF COUNSEL:

| CURTIS, MALLET-PREVOST, COLT & MOSLE LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| Steven J. Reisman | Michael Carlinsky |
| Jonathan J. Walsh | Jane M. Byrne |
| Nicole M. Mazanitis | Jennifer J. Barrett |
| Alyssa J. Astiz | Yelena Konanova |
| 101 Park Avenue | 51 Madison Ave, 22nd Floor |
| New York, New York 10178-0061 | New York, New York 10010-1601 |
| Phone: (212) 696-6000 | Phone: (212) 849-7000 |
| Fax: (917) 368-8917 | Fax: (212) 849-7100 |
| sreisman@curtis.com | michaelcarlinsky@quinnemanuel.com |
| jwalsh@curtis.com | janebyrne@quinnemanuel.com |
| nmazanitis@curtis.com | jenniferbarrett@quinnemanuel.com |
| aastiz@curtis.com | yelenakonanova@quinnemanuel.com |

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

I.    SUN LIFE FAILS TO DEMONSTRATE THAT THIS COURT HAS PERSONAL JURISDICTION OVER U.S. BANK ............................................................2

    A.    U.S. Bank's Service As Trustee Of The Titling Trust Is Not Related To Sun Life's Claims And Thus Fails To Establish Jurisdiction ...............................2

    B.    Sun Life Has Not Cited Any U.S. Bank Contacts Related To The Wilhelm Policy To Satisfy The Long-Arm Statute Or Due Process .....................................5

II.    SUN LIFE FAILS TO SHOW WHY THIS COURT SHOULD EXERCISE JURISDICTION OVER THIS DECLARATORY JUDGMENT ACTION .......................6

    A.    Sun Life Ignores The Effect Of The Broader Parallel Coercive Federal Case ..............................................................................................................................6

    B.    This Federal Court Has Little Interest in Sun Life's California-Focused, Forum-Shopped Claims ..........................................................................................8

III.    REASONS TO TRANSFER OUTWEIGH SUN LIFE'S CHOICE OF FORUM............10

CONCLUSION.............................................................................................................................10

Case 3:16-cv-20210-BGS Document 29 Filed 06/14/17 Page 2 of 17 PageID #: 377

Case 3:16-cv-02106-BRM-DEA Document 21 Filed 06/14/17 Page 3 of 20 PageID #: 476
Case 1:16-cv-01083-GMS Document 60-1 Entered on FLSD Docket 07/05/2023 Page 4 of 17

# **TABLE OF AUTHORITIES**

**Page**

## **CASES**

*Amtrust at Lloyd's Ltd. v. Breslin*,
    2015 WL 2092669 (D.N.J. May 5, 2015) ................................................................. 10

*Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.*,
    480 U.S. 102 (1987) .................................................................................................... 6

*AstraZeneca AB v. Mylan Pharm., Inc.*,
    72 F. Supp. 3d 549 (D. Del. 2014) .............................................................................. 5

*Atcom Support LP v. M/V HC Nadja Maria*,
    2016 WL 5867407, at *3 (D. Del. Oct. 4, 2016) ........................................................ 6

*Boone v. Oy Partek Ab*,
    724 A.2d 1150 (Del. Super. Ct. 1997)
    *aff'd*, 707 A.2d 765 (Del. 1998) ................................................................................. 5

*Cent. Transp., LLC v. Mainfreight, Inc.*,
    2015 WL 620716 (E.D. Pa. Feb. 11, 2015) ................................................................ 7

*Christ v. Cormick*,
    2007 WL 2022053, at *4 (D. Del. July 10, 2007) ...................................................... 4

*Conroy v. Travelers Home & Marine Ins. Co.*,
    2015 WL 4633772 (W.D. Pa. Aug. 3, 2015) .............................................................. 7

*D'Angio v. Borough of Nescopeck*,
    34 F. Supp. 2d 256 (M.D. Pa. 1999) ........................................................................... 2

*Devicor Med. Prod., Inc. v. Biopsy Scis., LLC*,
    2013 WL 486638 (D. Del. Feb. 7, 2013) .................................................................... 5

*DNA Genotek Inc. v. Spectrum DNA*,
    2016 WL 7232770 (D. Del. Dec. 14, 2016) ............................................................... 5

*Excalibur Reinsurance Corp. v. Select Ins. Co.*,
    2015 WL 12806513, at *1 & n.1 (E.D. Pa. July 7, 2015) .......................................... 7

*General Electric Co. v. Deutz AG*,
    270 F.3d 144, 149 (3d Cir. 2001) ............................................................................... 4

*Honeywell Int'l Inc. v. Int'l Union, United Auto., Aerospace &
    Agr. Implement Workers of Am.*,
    502 F. App'x 201 (3d Cir. 2012) ........................................................................... 7, 10

*Lincoln Life & Annuity Co. of N.Y. v. Berck*,
    2011 WL 1878855 (Cal. Ct. App. May 17, 2011) .................................................... 10

*Lincoln Nat'l Life Ins. Co. v. Gordon R.A. Fishman Irrevocable Life Trust*,
  638 F. Supp. 2d 1170 (C.D. Cal. 2009) ............................................................................. 10

*Marnavi S.p.A. v. Keehan*,
  900 F. Supp. 2d 377 (D. Del. 2012) ............................................................................... 3, 5

*Med. Assurance Co. v. Hellman*,
  610 F.3d 371 (7th Cir. 2010) ............................................................................................. 6

*Mobilificio San Giacomo S.P.A. v. Stoffi*,
  1996 WL 924508 (D. Del. Oct. 29, 1996) ......................................................................... 3

*PHL Variable Ins. Co. v. ESF QIF Trust*,
  2013 WL 6869803 (D. Del. Dec. 30, 2013) ...................................................................... 9

*PHL Variable Ins. Co. v. Hudson Valley, EPL, LLC*,
  2014 WL 4635454 (D. Del. Sept. 16, 2014) ..................................................................... 9

*Papendick v. Bosch*
  410 A.2d 148 (Del. 1979) .................................................................................................. 4

*Reifer v. Westport Ins. Corp.*,
  751 F.3d 129 (3d Cir. 2014) ............................................................................ 6, 7, 8, 9, 10

*Shaffer v. Heitner*,
  433 U.S. 186 (1977) .......................................................................................................... 6

*Simon v. Navellier Series Fund*,
  2000 WL 1597890 (Del. Ch. Oct. 19, 2000) ..................................................................... 4

*Steadfast Ins. Co. v. Envtl. Barrier Co.*,
  2016 WL 878122 (W.D. Pa. Mar. 8, 2016) ....................................................................... 7

*Stringfield v. Honeywell Int'l, Inc.*,
  2011 WL 2600739 (D.N.J. June 29, 2011) ..................................................................... 10

*Sun Life Assur. Co. of Can. v. U.S. Bank N.A.*,
  2016 WL 161598 (S.D. Fla. Jan. 14, 2016) ....................................................................... 9

*Telcordia Techs., Inc. v. Alcatel S.A.*,
  2005 WL 1268061 (D. Del. May 27, 2005) ...................................................................... 5

*U.S. Bank N.A. v. PHL Variable Ins. Co.*,
  2013 WL 2936099 (D. Minn. June 14, 2013) ................................................................... 8

*U.S. Bank N.A. v. Sun Life Assur. Co. of Can.*,
  2016 WL 8116141 (E.D.N.Y Aug. 30, 2016) ................................................................... 9

*United Fin. Cas. Co. v. Alario*,
  2015 WL 8603229 (M.D. Pa. Dec. 14, 2015) ................................................................... 8

*W. World Ins. Co. v. Alarcon & Marrone Demolition Co.*,
  2015 WL 3622896 (E.D. Pa. June 9, 2015) ...................................................................... 7

## STATUTES

10 Del. C. § 3104(c)(1) ............................................................................................................. 5

10 Del. C. § 3104(c)(2) ............................................................................................................. 5

**PRELIMINARY STATEMENT**

Sun Life's opposition brief gives the impression that this lawsuit concerns U.S. Bank's duties as trustee of a Delaware Titling Trust. It does not. Sun Life is here to avoid paying a $10 million benefit on the Wilhelm Policy[1]—issued on the life of a California resident for the benefit of another California resident—on the ground that the Policy was not supported by an insurable interest at inception in 2005. Its complaint is replete with allegations concerning the insured's and his brokers' allegedly deceptive conduct in California in 2005. Nevertheless, in order to manufacture personal jurisdiction over Ohio-based U.S. Bank (the good-faith purchaser of the Policy in 2008) Sun Life attempts to redirect attention to an arrangement between two third parties, Coventry and AIG, involving the Titling Trust for which U.S. Bank acted as a trustee, and into which, in 2008, U.S. Bank placed the Policy.

U.S. Bank's execution, in 2008, of its administrative obligations for an arrangement that it did not create has nothing to do with whether, in 2005, the insured and his brokers procured a policy from Sun Life that was not supported by an insurable interest. Sun Life's own submission refutes its conjecture that U.S. Bank set in motion the arrangement between Coventry and AIG. Nor does it make sense to suggest, as Sun Life does, that U.S. Bank's execution of administrative functions as trustee created a demand for the Wilhelm Policy. Because there is no connection between U.S. Bank's role in this arrangement and the Policy at issue in this case, Sun Life fails to demonstrate that this Court has personal jurisdiction over U.S. Bank. It also fails to show why this Court should exercise its discretion to assert jurisdiction over this declaratory judgment action when a broader coercive action brought by U.S. Bank against Sun Life is pending in California federal court. Sun Life's complaint should be dismissed.

---

[1] Capitalized terms are defined in U.S. Bank's motion to dismiss memorandum ("Mem.").

Case 1:16-cv-02612-BGC Document 60-1 Filed 06/14/17 Page 7 of 56 PageID #: 1382
Case 1:16-cv-02612-BGC Document 29 Filed 06/14/17 Page 7 of 56 PageID #: 188
8 of 17

**ARGUMENT**

I. **SUN LIFE FAILS TO DEMONSTRATE THAT THIS COURT HAS PERSONAL JURISDICTION OVER U.S. BANK**

Although Sun Life's complaint invoked both general and specific jurisdiction (FAC ¶¶ 6, 14), Sun Life "failed to address" general jurisdiction in its opposition ("Opp.") and thus has abandoned that point. *See D'Angio v. Borough of Nescopeck,* 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999).[2] Sun Life's remaining arguments, seeking to assert specific jurisdiction, fail.

A. **U.S. Bank's Service As Trustee Of The Titling Trust Is Not Related To Sun Life's Claims And Thus Fails To Establish Jurisdiction**

Throughout its opposition, Sun Life suggests that this dispute is not about the California-focused Wilhelm Policy, but rather the commercial arrangement where Coventry (a third party) funded policies for purchase by AIG (another third party), with U.S. Bank as the trustee of the Titling Trust.[3] Opp. 3-5, 6-8, 9-10. In reality, this case is about whether, when Sun Life issued a policy on the life of a California resident, for the original benefit of another California resident, there was no insurable interest, making the Policy void. FAC ¶¶ 1, 74, 79. Despite two complaints and a 20-page opposition brief, Sun Life still has not pointed to *any* action by U.S. Bank in Delaware specifically related to the Wilhelm Policy.

Sun Life's opposition instead claims that U.S. Bank's service as trustee of the Titling Trust alone gives rise to specific jurisdiction. *E.g.*, Opp. 6-10. Sun Life's sole argument for why the Titling Trust is even relevant to the present dispute—and thus to personal jurisdiction over U.S. Bank—is that, allegedly, U.S. Bank set in motion the commercial arrangement surrounding

---

[2] Unless otherwise indicated, all citations, quotation marks, and alterations have been omitted.
[3] Even if the commercial arrangement surrounding the Titling Trust were relevant to personal jurisdiction over U.S. Bank, which it is not, it still bears no resemblance to the "Delaware-targeted venture" described by Sun Life. Opp. 4. The Origination Agreement that Sun Life references (*id.* at 6) was signed by U.S. Bank as trustee of "an *Illinois* common law trust"; notices under that Agreement were required to go to Pennsylvania, Minnesota, Illinois, and New York—not Delaware; and it was governed by New York law, and provided for exclusive jurisdiction in New York—not Delaware. Star Decl., Ex. A at 7563, 7585, 7584.

2

the Titling Trust, which somehow led to Sun Life choosing to issue the Policy. *Id.* at 4-5. But

Sun Life's own submission makes clear that U.S. Bank did not set up or control that

arrangement, as U.S. Bank's corporate representative testified:

> Q. Did U.S. Bank draft [the Trust Administration Agreement for the Coventry
>    Life Settlements Titling Trust]?
> A. No.
> Q. Did U.S. Bank draft any part of it?
> A. No. U.S. Bank would have commented on it but would not have drafted it.…
> Q. And was U.S. Bank involved in any way in the negotiation of this document?
> A. No.

Star Decl., Ex. B at 167:4-22; *see also id.* at 225:10-12 (U.S. Bank cannot speak to "terms of

those agreements and the structure of how AIG and Coventry conducted their business"). The

unrelated *Lavastone* complaint that Sun Life cites (Opp. 3-4) contains no allegations that

Coventry, U.S. Bank, or anyone else was involved in any scheme to procure policies without

insurable interests, and the few references to U.S. Bank in that complaint do not suggest that it

directed or controlled the Titling Trust arrangement. Star Decl., Ex. C ¶¶ 40, 289, 292(a), 292(j).

Even if Sun Life had shown that U.S. Bank was the driving force behind the Titling Trust

(and Sun Life has not), specific jurisdiction still would not lie because this action does not

concern the internal governance of that Trust, but rather the Wilhelm Policy, which insured a

California resident and which was (according to Sun Life) financed by a third party based in

Pennsylvania. Sun Life argues that creating a Delaware legal entity in and of itself subjects U.S.

Bank to jurisdiction (Opp. 7-8), but that is not correct. Delaware law is clear that incorporation

only gives rise to specific jurisdiction if the plaintiff's claim is "related to that act of

incorporation." *Mobilificio San Giacomo S.P.A. v. Stoffi*, 1996 WL 924508, at *3 (D. Del. Oct.

29, 1996); *see also Marnavi S.p.A. v. Keehan*, 900 F. Supp. 2d 377, 390 (D. Del. 2012) ("Mere

incorporation in Delaware does not give rise to specific jurisdiction."). In a similar vein, Sun

3

Life asserts (Opp. 10) that the trustee of a Delaware statutory trust is subject to personal jurisdiction pursuant to 12 Del. C. § 3804, but this section provides jurisdiction only for "contested matters relating to the *internal affairs of a business trust, the rights, duties and liabilities of trustees ... or the interpretation of its governing instrument.*" *Simon v. Navellier Series Fund*, 2000 WL 1597890, at *1 n.2 (Del. Ch. Oct. 19, 2000). Sun Life's claims do not arise out of the contracts establishing the Titling Trust, but out of the Wilhelm Policy.[4]

Sun Life's assertion of personal jurisdiction cannot be salvaged by its reliance on inapposite authorities. For example, citing *General Electric Co. v. Deutz AG*, Sun Life asserts that U.S. Bank's service as trustee of the Titling Trust suffices because it demonstrated that U.S. Bank was creating long-term obligations in the forum. Opp. 6. But in *Deutz* (which did not apply the Delaware long-arm statute), plaintiff's breach of contract claim was directly related to defendant's state-specific contacts (entering into contract with a Pennsylvania entity, and "physical contacts" in the state). 270 F.3d 144, 149, 151 (3d Cir. 2001). Sun Life also relies (Opp. 7, 8 n.2) on *Christ v. Cormick*, but that case analyzed personal jurisdiction under 6 Del. C. § 18-109(a), which provides jurisdiction over managers of LLCs in actions that relate to the business of the LLC. 2007 WL 2022053, at *4 (D. Del. July 10, 2007). Likewise, *Papendick v. Bosch* (Opp. 7) is inapposite because this suit is not a dispute among the parties to the Titling Trust-related agreements and thus it ***does not*** "aris[e] from the very contract which the [Delaware entity] was created to implement." 410 A.2d 148, 152 (Del. 1979).

---

[4] Even if Delaware law applied to the merits of the dispute (it does not), the question would be whether a "third party financially induce[d] [Mr. Wilhelm] to procure a life insurance contract with the intent to immediately transfer the policy to a third party." *PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust*, 28 A.3d 1059, 1075 (Del. 2011). U.S. Bank's service as Titling Trust trustee is not relevant to that inquiry, which would instead focus on the Wilhelms (in California) and Coventry (in Pennsylvania).

4

## B. Sun Life Has Not Cited Any U.S. Bank Contacts Related To The Wilhelm Policy To Satisfy The Long-Arm Statute Or Due Process

Contrary to Sun Life's assertion (Opp. 5), the "exercise of personal jurisdiction [must] comport[] with both § 3104(c) and a defendant's due process rights." *Devicor Med. Prod., Inc. v. Biopsy Scis., LLC*, 2013 WL 486638, at *2 n.4 (D. Del. Feb. 7, 2013) (Sleet, J.). The "tests are independent … and cannot be collapsed into a single constitutional inquiry." *DNA Genotek Inc. v. Spectrum DNA*, 2016 WL 7232770, at *2 (D. Del. Dec. 14, 2016).[5]

Sun Life fails to satisfy (Opp. 5) the elements of the two portions of the long-arm statute it invokes. U.S. Bank has not "[t]ransact[ed] any business or perform[ed] any character of work or service in the State" relevant to Sun Life's claims, 10 Del. C. § 3104(c)(1), nor "[c]ontract[ed] to supply services or things in this State" relevant to the Wilhelm Policy, *id.* § 3104(c)(2). U.S. Bank has not directed actions relevant to the Wilhelm Policy "at ***residents of Delaware*** and the protection of Delaware laws." *Telcordia Techs., Inc. v. Alcatel S.A.*, 2005 WL 1268061, at *2 (D. Del. May 27, 2005) (Sleet, J.); *see Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156 (Del. Super. Ct. 1997) (§ 3104(c)(2) "requires that the defendant perform the act [conferring jurisdiction] in this State."), *aff'd*, 707 A.2d 765 (Del. 1998). No act of U.S. Bank that is "integral to the claims pled in the Complaint occurred in Delaware," *Marnavi*, 900 F. Supp. 2d at 390, and thus the long-arm statute is not satisfied. Sun Life's only response is to argue that this dispute concerns U.S. Bank's activities as to the Titling Trust, which, as discussed above, is not the case.

Sun Life also fails to satisfy the due process component of personal jurisdiction. Sun Life does not dispute that U.S. Bank's Delaware contacts "must be related to [Sun Life's] cause of action" in order to satisfy due process. *Telcordia Techs.*, 2005 WL 1268061, at *1.

---

[5] In dicta in *AstraZeneca AB v. Mylan Pharm., Inc.*, this Court noted it was "unclear … whether … the long arm statute is coextensive with the due process clause," but did not decide the issue because defendant did "not challenge[] jurisdiction under Delaware's long arm statute." 72 F. Supp. 3d 549, 552 n.1 (D. Del. 2014), *aff'd*, 817 F.3d 755 (Fed. Cir. 2016).

Exercising jurisdiction over U.S. Bank does not comport with fair play and substantial justice. Neither the plaintiff-insurer nor the insured is a Delaware resident, meaning that this state's "legitimate interests in the dispute have considerably diminished." *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 114 (1987). And for the reasons discussed below, California, not Delaware, is the most convenient forum for the resolution of this action.[6]

## II. SUN LIFE FAILS TO SHOW WHY THIS COURT SHOULD EXERCISE JURISDICTION OVER THIS DECLARATORY JUDGMENT ACTION

Sun Life tries to cabin this Court's statutory discretion to decline declaratory judgment jurisdiction by repeatedly referring to an "abstention doctrine." *E.g.*, Opp. 13-18. That is wrong. *See Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139 (3d Cir. 2014) ("The breadth of leeway granted to federal courts originates in the statute's textual commitment to discretion."); *Med. Assurance Co. v. Hellman*, 610 F.3d 371, 378 (7th Cir. 2010) (authority to decline declaratory judgment jurisdiction comes from the statute, not a "judicially-created abstention doctrine"). This Court should exercise its broad discretion to decline jurisdiction here.

### A. Sun Life Ignores The Effect Of The Broader Parallel Coercive Federal Case

Sun Life's suggestion (Opp. 13) that *Reifer* created a "strong presumption" in favor of exercising declaratory judgment jurisdiction in the face of a parallel federal case is wrong. The *Reifer* court decided that the absence of a parallel state proceeding did not require a district court to exercise declaratory judgment jurisdiction. 751 F.3d at 144. *Reifer* did not hold that the absence of parallel state proceedings creates a presumption in favor of exercising jurisdiction.

---

[6] Sun Life also cannot use (Opp. 12) the doctrine of *in rem* jurisdiction to establish *in personam* jurisdiction over U.S. Bank. Unlike in *Atcom Support LP v. M/V HC Nadja Maria*, 2016 WL 5867407, at *3 (D. Del. Oct. 4, 2016) (Opp. 12), which "began with the seizure of property," Sun Life has not seized or attached the Policy, or taken any other procedural step to suggest that it brought this suit "*in rem*." More importantly, though *dicta* from *Shaffer v. Heitner* suggests that the "presence of property in a state may bear on the existence of jurisdiction" under the *International Shoe* analysis, the Court definitively held that jurisdiction over a person (or entity) can ***only*** be determined by analyzing the long-arm statute and the constraints of due process as to person itself; jurisdiction over the "res" is irrelevant. 433 U.S. 186, 207, 211-12 (1977).

*Id.* at 143-44 ("[T]he existence or non-existence of pending parallel state proceedings is but one factor for a district court to consider," though this factor is "significant.").

*Reifer* did not itself confront the effect of a parallel coercive action in federal court.[7] The Third Circuit, however, directly addressed that question in *Honeywell Int'l Inc. v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 502 F. App'x 201 (3d Cir. 2012). *Honeywell* affirmed the dismissal of a declaratory judgment action in favor of a later-filed *federal* action because the other forum "had a greater nexus to the dispute" and the first suit may have been the result of a race to the courthouse. *Id.* at 206. The court emphasized a "district court's discretionary authority to determine whether … to entertain a suit for declaratory relief," approvingly quoting authority recognizing a presumption that a first-filed declaratory judgment case should be dismissed in favor of a parallel coercive federal case. *Id*. at 205-06. Thus, under *Reifer* and *Honeywell*, the existence of a parallel federal coercive case militates strongly in favor of declining declaratory judgment jurisdiction, even in the absence of parallel state proceedings.[8] The parallel coercive California Action weighs heavily in favor of declining jurisdiction here.

Moreover, Sun Life contends (Opp. 17 n.7) that the California Action concerns the same questions as this action. Not quite. Sun Life's claims here solely concern the procurement of the Policy in California in 2005. The broader California Action includes claims about separate

---

[7] Neither of the cases Sun Life raises regarding parallel proceedings addresses the situation here, where the parallel proceedings are in federal court. *See W. World Ins. Co. v. Alarcon & Marrone Demolition Co.*, 2015 WL 3622896, at *2 (E.D. Pa. June 9, 2015); *Conroy v. Travelers Home & Marine Ins. Co.*, 2015 WL 4633772, at *2 (W.D. Pa. Aug. 3, 2015).

[8] *See Steadfast Ins. Co. v. Envtl. Barrier Co.*, 2016 WL 878122, at *4-5 (W.D. Pa. Mar. 8, 2016) (under *Reifer*, a parallel action in federal (like state) court weighs in favor of declining declaratory judgment jurisdiction); *Excalibur Reinsurance Corp. v. Select Ins. Co.*, 2015 WL 12806513, at *1 & n.1 (E.D. Pa. July 7, 2015) (dismissing declaratory judgment action in favor of later-filed federal action under *Honeywell* because "coercive actions generally should be given priority over first-filed declaratory actions"); *Cent. Transp., LLC v. Mainfreight, Inc.*, 2015 WL 620716, at *4 (E.D. Pa. Feb. 11, 2015) ("[W]here parallel cases involve a declaratory judgment and a mirror-image [coercive] action … we ordinarily give priority to the coercive action….").

7

occurrences that took place years later, including Sun Life's misrepresentations (from Massachusetts) to U.S. Bank after it purchased the Policy in 2008. *See U.S. Bank N.A. v. PHL Variable Ins. Co.*, 2013 WL 2936099, at *10 (D. Minn. June 14, 2013) ("contract claim … based on [insurer's] refusal to pay the death benefit" "arises from different conduct" than "fraud claim … based on [insurer's] failure to disclose its belief that the Policy was void during the time period leading up to Mr. Doe's death, while U.S. Bank continued to pay premiums"). This narrower case will not resolve the "uncertainty of obligation" between the parties, which weighs against the exercise of jurisdiction and the potential creation of duplicative litigation.

Sun Life's suggestion (Opp. 16-18) that convenience weighs in favor of exercising jurisdiction also ignores a key consideration in evaluating convenience: the location of known witnesses. Indisputably, the Wilhelms' brokers on the Policy and their daughter are relevant witnesses in California who are outside the subpoena power of this court. In contrast, while Sun Life claims (Opp. 17) that "Coventry" and "Wilmington Trust" are "within the subpoena power of Delaware," it points to ***no specific person*** from those companies who has relevant knowledge and could be compelled to testify at trial. Thus, convenience and "considerations of practicality and wise judicial administration" weigh heavily in favor of trying this case in California, where the relevant witnesses could be compelled to testify. *See Reifer*, 751 F.3d at 139.

## B. This Federal Court Has Little Interest in Sun Life's California-Focused, Forum-Shopped Claims

Though Sun Life argues (Opp. 15) that "Delaware's public interest here is strong," Delaware's connection to Sun Life's claims about the Policy's procurement in California is tangential. *Cf. United Fin. Cas. Co. v. Alario*, 2015 WL 8603229, at *4 (M.D. Pa. Dec. 14, 2015) (expressing reluctance "to exercise declaratory jurisdiction where the sole issue neither presents any federal question nor promotes any federal interest" in an insurance coverage

8

dispute). Sun Life's claims concern the origination of insurance in California by California brokers to a California resident for the ultimate benefit of a California resident; thus, California's interest in the case is strong. Further, contrary to Sun Life's contention, California law would apply even under Delaware's choice-of-law rules. Delaware applies "the 'most significant relationship' test to determine which law to apply to contract claims," and "[i]n the context of insurance contracts, Delaware courts have held that the most significant relationship is the forum in which the contract was executed." *PHL Variable Ins. Co. v. Hudson Valley, EPL, LLC*, 2014 WL 4635454, at *4 (D. Del. Sept. 16, 2014). Here, California law applies because Mr. Wilhelm procured the Policy and executed the Policy application in California.[9]

The authorities Sun Life cites (Opp. 15) to support the application of Delaware law are inapposite because they applied forum choice-of-law rules to different facts. *See U.S. Bank N.A. v. Sun Life Assur. Co. of Can.*, 2016 WL 8116141, at *10 (E.D.N.Y Aug. 30, 2016) (New York); *Sun Life Assur. Co. of Can. v. U.S. Bank N.A.*, 2016 WL 161598, at *9 (S.D. Fla. Jan. 14, 2016) (Florida). Even assuming Delaware law applies, moreover, that law is uncertain. As a Delaware district court recognized, the issue of when a court may "enforce agreements void *ab initio*" in light of bad faith by an insurer was not "squarely before" the court in *Price Dawe*; if it had been, the court likely would have allowed the more innocent party to enforce the policy. *See PHL Variable Ins. Co. v. ESF QIF Trust*, 2013 WL 6869803, at *6 n.7 (D. Del. Dec. 30, 2013). The uncertainty of Delaware law weighs against exercising jurisdiction. *See Reifer*, 751 F.3d at 148.

Finally, Sun Life, not U.S. Bank, is engaging in procedural fencing. U.S. Bank seeks to resolve Sun Life's claims about Mr. Wilhelm's procurement of the Policy in the most natural forum, California, where the Policy was procured. Sun Life's claims are not Delaware-focused

---

[9] Although Sun Life executed the Policy in Massachusetts, the procurement of the Policy was in California, and Sun Life does not assert that Massachusetts law should apply.

9

because Sun Life complains about the Policy's origination—not its delivery in Delaware. But with Sun Life's counsel having suffered a string of losses on similar claims in California,[10] it sought to find a way out of the Policy by indicating to U.S. Bank that it intended to pay the benefit "as quickly as possible," while secretly rushing to court in Delaware, in an attempt to tip the analysis in its favor. This "use of the declaratory action as a method of procedural fencing" weighs against the exercise of declaratory judgment jurisdiction. *Reifer*, 751 F.3d at 146.[11]

### III. REASONS TO TRANSFER OUTWEIGH SUN LIFE'S CHOICE OF FORUM

Sun Life chose this forum based on procedural gamesmanship; for that reason Sun Life's choice of forum for this declaratory judgment action deserves little weight, and transfer is appropriate. *See Stringfield v. Honeywell Int'l, Inc.*, 2011 WL 2600739, at *2 (D.N.J. June 29, 2011) (choice of forum did not prevent transfer because plaintiff did not sue at home and "central underlying facts" to claims took place in other forum). The relevant fact witnesses are in California, and their convenience and availability weigh heavily in favor of transfer.

### CONCLUSION

U.S. Bank respectfully requests that this Court dismiss the FAC for lack of personal jurisdiction over U.S. Bank, or alternatively, dismiss the case in favor of the pending parallel action in the Central District of California, or transfer to the Central District of California.

---

[10] California courts have routinely addressed—and rejected—STOLI claims made by Sun Life's lawyers. *See, e.g.*, *Hartford Life & Annuity Ins. Co. v. Doris Barnes Family 2008 Irrevocable Trust*, 2012 WL 688817, at *3-6, 7 (C.D. Cal. Feb. 3, 2012), *aff'd,* 552 F. App'x 664 (9th Cir. 2014); *Lincoln Life & Annuity Co. of N.Y. v. Berck*, 2011 WL 1878855, at *6, 9 (Cal. Ct. App. May 17, 2011); *Lincoln Nat'l Life Ins. Co. v. Gordon R.A. Fishman Irrevocable Life Trust*, 638 F. Supp. 2d 1170, 1177-79 (C.D. Cal. 2009).

[11] This court need not decide whether Sun Life's suit in Delaware constitutes bad faith or impermissible forum shopping to decline declaratory judgment jurisdiction. *See Honeywell*, 502 F. App'x at 205 (first-filed rule does not "override" court's discretion to "not [] entertain a suit for declaratory relief"). Even under the first-filed rule, however, an insurer's "simultaneous denial of coverage and filing of [an] action, before [the insured] had the opportunity to bring suit in another forum and possibly before he even knew of the coverage decision, is the kind of inequitable conduct which would weigh against deferring to [the insurer's] choice as the first-filed forum." *Amtrust at Lloyd's Ltd. v. Breslin*, 2015 WL 2092669, at *2 (D.N.J. May 5, 2015).

| June 14, 2017 | Respectfully submitted, |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | By: */s/ Kenneth J. Nachbar* |
| | Kenneth J. Nachbar (#2067) |
| | 1201 N. Market Street |
| | Wilmington, DE 19801 |
| | (302) 658-9200 |
| | knachbar@mnat.com |
| | *Attorneys for Defendant U.S. Bank National Association* |

OF COUNSEL:

| CURTIS, MALLET-PREVOST, COLT & MOSLE LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| Steven J. Reisman | Michael Carlinsky |
| Jonathan J. Walsh | Jane M. Byrne |
| Nicole M. Mazanitis | Jennifer J. Barrett |
| Alyssa J. Astiz | Yelena Konanova |
| 101 Park Avenue | 51 Madison Ave, 22nd Floor |
| New York, New York 10178-0061 | New York, New York 10010-1601 |
| Phone: (212) 696-6000 | Phone: (212) 849-7000 |
| Fax: (917) 368-8917 | Fax: (212) 849-7100 |
| sreisman@curtis.com | michaelcarlinsky@quinnemanuel.com |
| jwalsh@curtis.com | janebyrne@quinnemanuel.com |
| nmazanitis@curtis.com | jenniferbarrett@quinnemanuel.com |
| aastiz@curtis.com | yelenakonanova@quinnemanuel.com |

11