# EXHIBIT D

```
1           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2               IN AND FOR THE COUNTY OF SAN MATEO

3                   ---oOo---        CERTIFIED TRANSCRIPT

4      VIVA CAPITAL 3, L.P.,

5                   PLAINTIFFS,

6          V.                               No. 22-CIV-01911

7      JERRY GARRETT,

8                   DEFENDANT.
                                          /
9     _____

10

11              REPORTER'S TRANSCRIPT OF PROCEEDINGS
           BEFORE:  HONORABLE ROBERT D. FOILES, JUDGE
12                      DEPARTMENT 21
                       FEBRUARY 17, 2023
13

14

15

16   A P P E A R A N C E S:

17   FOR THE PLAINTIFFS: SCHULTE ROTH & ZABEL
                         919 Third Avenue
18                       New York, New York 10022
                         BY:  HARRY S. DAVIS, ESQ.
19

20   FOR THE DEFENDANT:  COZEN O'CONNOR
                         One Liberty Place
21                       1650 Market Street, Suite 2800
                         Philadelphia, Pennsylvania 19103
22                       BY:  GREGORY J. STAR, ESQ.

23                          ---oOo---
24

25

26   REPORTED BY:           VALERIE J. CATHEY, CSR 9870
```

```
 1                    P R O C E E D I N G S
 2                     February 17, 2023
 3                         ---oOo---
 4          THE COURT:  Okay.  That takes me back to line 7 and
 5     that's Viva Capital versus Jerry Garrett.
 6          And if counsel want to step forward.
 7          MR. STAR:  Good morning, Your Honor.
 8          MR. DAVIS:  Good morning, Your Honor.
 9          THE COURT:  Let me get your appearances, please.
10          MR. STAR:  Certainly.
11          MR. DAVIS:  Harry Davis from the law firm of Schulte
12     Roth & Zabel on behalf of Plaintiffs, Viva Capital 3, L.P.,
13     which is also a cross-complaint defendant as well as on behalf
14     of cross-complaint defendant U.S. Bank, National Association.
15          THE COURT:  All right.
16          MR. STAR:  And good morning, Your Honor, Greg Star of
17     Cozen O'Connor appearing also on behalf of the defendant and
18     counter-claim plaintiff, The Estate of Frank Garrett.
19          THE COURT:  All right.  Thank you.
20          And I take it, Mr. Star, S-t-a-r-r?
21          MR. STAR:  One "r."
22          THE COURT:  One "r."  And you wish to be heard, right?
23          MR. STAR:  Yes, please.
24          THE COURT:  Go ahead.
25          MR. STAR:  Thank you.  So, Your Honor, we obviously
26     agree with the portion of your tentative ruling that concludes
```

1   that there is no applicable Delaware statute of limitations on

2   the Estate's claim in this case.  Our claim arises under

3   Delaware's insurable interest statute section 2704(b), and

4   Your Honor is correct to conclude that there is no applicable

5   statute of limitations in Delaware.

6        Respectfully, I think that's where this analysis should

7   have ended, and here's why, because the question of the

8   application of California borrowing statute, which is California

9   Civil Code 361 as explained by the Supreme Court of California

10  in the McCann case turns on the opposite set of facts than what

11  we have here for two reasons.

12       The plain language, Your Honor, of section 361 of the

13  California Civil Code, I'll paraphrase because the Code's a

14  little lengthy to read.  When a cause of action has arisen in

15  another state, and we couldn't maintain the action in that other

16  state, in other words, here we have a cause of action that

17  arises under the law of Delaware, if we were time-barred in

18  Delaware, then the borrowing statute, section 361, would

19  ordinarily say we're time-barred from serving that same claim

20  here in California except if you're a resident of California,

21  California would provide essentially a longer statute of

22  limitations.

23       The facts of the McCann case, Your Honor, explain that

24  that's what that statute's for.  The statute's meant to prevent

25  forum shopping.  It's meant to prevent a plaintiff who would be

26  barred in the other forum from stating a claim in California

1   that would otherwise be time-barred in the other jurisdiction.

2   McCann tracks were this --

3            THE COURT:  What's the cite on the McCann case?

4            MR. STAR:  The cite on the McCann case, Your Honor, is

5   225 P.3d 516, and that's the California Supreme Court from 2010.

6            THE COURT:  Do you have a better cite?  That's not an

7   official cite.  Pacific is not a citation.  That's the

8   alternative cite.  Cal cites.

9            MR. STAR:  I can get it for you.  I have the Cal

10  cites, 48 Cal.4th 68.

11           THE COURT:  Thank you.

12           MR. STAR:  Sure.  But again it's the California

13  Supreme Court in 2010.  The facts of McCann were this,

14  Your Honor, a plaintiff who was a resident of Oklahoma suffered

15  from mesothelioma from asbestos exposure.  He had moved to

16  California before he filed a claim.  He filed a claim in

17  California state court under Oklahoma law.  That's where he was

18  injured.  The defendant moved under the Oklahoma statute of

19  limitations which barred his claim.  His injury had occurred

20  some 50 years before he filed his claim.  And the question

21  McCann presented with, presented with was does the California

22  court need to apply that Oklahoma statute that would bar that

23  plaintiff's claim or can it apply the longer California statute

24  of limitations in the context where California had enacted

25  legislation that would save this man's claim.  And that's when

26  you get into this 361 governmental interest analysis.

1        In other words, we don't have that here.  We have a
2   situation Your Honor correctly found that our Delaware cause of
3   action is not time-barred.  If we brought this claim in
4   Delaware, which incidentally we could do right now, Viva admits
5   that it is a Delaware limited partnership, Your Honor.  It's
6   subject to personal jurisdiction in Delaware.  It can be sued
7   every day of the week in Delaware state court.  Your Honor's
8   ruling that there is no Delaware statute of limitations that
9   will allow us to bring that claim against Viva right now today
10  in Delaware state court.  And, so, respectfully, that's where
11  this analysis should stop.  Now, once you found that there's no
12  Delaware statute of limitations, there was no need to go to the
13  361 McCann analysis.  It actually turns that whole analysis sort
14  of upside down in this case.

15       Even though, pardon me, even if you went to the McCann 361
16  analysis we'd be looking at governmental interests.  The
17  Delaware Supreme Court, Your Honor, in successive unbound
18  unanimous opinions has spoken on the public policy Delaware
19  connections in STOLI.  The court had made clear that STOLI is
20  not just abhorrent to public policy, it's not just a fraud on
21  courts, but it is a violation of Delaware's constitution.
22  Therefore, it's sui generis in Delaware.  It's unique under the
23  law.  It's unlike anything else, said the court, the Delaware
24  Supreme Court can monopolize.

25       That means we have an overarching Delaware public policy
26  that no one actually disputes.  So we were going to do the

1   governmental interest analysis, which I don't think we should

2   get to here, but if we were going to do that analysis the final

3   factor of that analysis, all of them, actually, would point to

4   the application of Delaware section statute of limitation which

5   Your Honor correctly found there is none.  And that's because,

6   Your Honor, that's true for several reasons.

7        Number one, it's the overarching Delaware public policy.

8   This is an affirmative defense that our friends are raising.  An

9   affirmative defense anywhere in the country assumes that the

10  facts that are plead in our complaint in our counterclaim are

11  true.  Here that means this is an illegal human life wagering

12  policy, it was a Delaware illegal human life wagering policy,

13  and the policy itself and the payment of proceeds violated the

14  constitution.

15       The Mountain case, Your Honor, the Delaware Supreme Court

16  said very clearly that when an entity like Viva or US Bank

17  receives the proceeds of a STOLI policy that entity itself upon

18  receipt of those proceeds is in violation of Delaware's

19  constitution.

20       So we have an overarching Delaware public policy that if

21  you're going to do a general, pardon me, a governmental interest

22  analysis must control.  Because if you just suppose that with

23  California's public policy, there's nothing in the public policy

24  of California that's in favor of the STOLI policies.  And

25  there's certainly nothing that the general, that the legislature

26  in California has done through its statute of limitations, for

1   example, to override the Delaware constitution.  I don't think

2   that would even be possible.

3       Another point.  Even if you went through all of that and

4   you still found that California statute of limitation applies,

5   respectfully, can't be the one that applied here for a one-year

6   limitation for penalty and forfeitures.  That's true for a

7   number of reasons.

8       First off, the statute itself, that statute, that one-year

9   statute obviously doesn't have anything to do with the kind of

10  claim we have.  In the <u>Mountain</u> case, the Delaware Supreme Court

11  said that the 2704(b) claim is, quote, the remedy for violations

12  of the insurable interest requirement.  The quote is the remedy

13  for violations of the insurable interest requirement is set

14  forth in section 2704(b).

15      That claim, the <u>Mountain</u> court says is sui generis and,

16  respectfully, it's not correct.  This is a general perspective.

17  Pigeonhole that claim to a one-year statute of limitations that

18  applies to California penalties and California forfeitures.

19      Secondly, the penalty and forfeitures statute by plain

20  terms says it applied to claims brought by individuals for the

21  state of California.  Well, we have neither of those.  We're not

22  the state of California and we're not an individual.  We are an

23  estate that has been created like any other sort of entity as a

24  legal fixture, right, like a corporation, a partnership, etc.,

25  and an estate is not an individual.  Under the plain terms of

26  the one-year statute Your Honor applied, it can't work here.

1      In fact, our friends at the very beginning of this case

2  pointed out that Jerry Garrett, the son of Frank Garrett, had

3  not yet formally been appointed as the executor of the estate,

4  and therefore they actually argued that Mr. Garrett,

5  Jerry Garrett lacked standing in his individual capacity to

6  bring a claim.  They can't say that on the one hand, and then on

7  the other hand say that we're subject to a one-year statute of

8  limitations that only applies to claims brought by individuals.

9  There's more, though.

10      Now Your Honor found that our claim is akin to one for a

11  forfeiture which you described, quoting California law

12  generically, that a forfeiture is the loss of a right, privilege

13  or property.  Malkin, the Delaware Supreme Court, Your Honor, in

14  Malkin says STOLI proceeds are no one's property.  That was the

15  question that was directly addressed by the Delaware Supreme

16  Court.  They came out and they said, quote, no one can have a

17  property interest in a STOLI policy or its proceeds.  It was for

18  that exact reason that the Delaware Supreme Court rejected a UCC

19  defense which was based on the idea that there was a property

20  interest in STOLI proceeds.  So this cannot be a forfeiture.

21      I think our friends will argue as well that this could

22  possibly be deemed a penalty, but it can't be deemed a penalty

23  either.  A penalty, Your Honor, is one that's imposed without

24  any discretion at all.  There's no question as to amount.

25      Here, 2704(b), the applicable statute says the death

26  benefits are owed to our clients.  Well, that's different in

1    every case.  Point number one.

2        Point number two, the Malkin, Supreme Court, the

3    discrepancy in Malkin made it clear.  A defendant on a STOLI

4    case like this, like Viva or US Bank, can seek to offset, if

5    appropriate, premium payments that it made.  And our friends

6    will do that.  In fact, they've done it in every other case

7    we've litigated with them.  So they will dispute very clearly

8    the amount that our client is entitled to here, by among other

9    things, disputing whether they get to offset some or all of

10   premiums that were paid, so this cannot possibly be couched as a

11   penalty.

12       The last point, Your Honor, even if you're stuck with the

13   application of a California statute of limitations, which again

14   we don't think is proper, it can't be this one-year statute of

15   limitations for all the reasons I've just said.  The only thing

16   it could possibly be is the catch-all four-year statute of

17   limitations, and here we're clearly time limited to that.

18       I do want to step back, though, and make a broader point as

19   to why we're even here.  We're only here because of shenanigans.

20   That's true.  We, on behalf of our client, attempted for many

21   months to identify who got this money.  We wrote to US Bank.

22   They wouldn't tell us.  They wouldn't tell Mr. Garrett's wife.

23   They wouldn't tell anybody who got the proceeds.  We sued them

24   in Connecticut.  We sued their agent, ITM.  We sued John Doe's,

25   which is appropriate.  They hid it.  On the very last day I

26   believe it was before they needed to file a responsive pleading

1   in Connecticut, out of nowhere we learned of Viva's existence

2   with regard to -- for the first time when they filed this case

3   and served it on us.

4        And what they've done here, Your Honor, is tried to use the

5   guise of a declaratory judgment claim telling you that there's

6   an actual case in controversy between them and my client on the

7   merits, yet turned around and say, oh, gotcha.  We're going to

8   snap a string and we're going to say even though we just told

9   Judge Foiles that there's a case in controversy, there's really

10  not.  Really the Estate's claim is time-barred they say.  Well,

11  look, that is not how you get to use the statute of limitations.

12  The reality is all of these issues are timely in front of the

13  court in Connecticut.

14       Based on Your Honor's correct ruling that there is no

15  Delaware statute of limitations, I can turn around again today

16  and sue Viva and Delaware state court.  They won't be able to

17  raise the statute of limitations argument.  Your order on that

18  is res judicata from following that to litigate this issue, and

19  we'll go ahead there.  So all of that is to say, Your Honor,

20  that I think the application of the California statute of

21  limitations is wrong.

22            THE COURT:  Okay.

23            MR. STAR:  And Your Honor could go back and stay this

24  case -- in other litigation.

25            THE COURT:  All right.  Thank you.

26       And, Mr. Davis, go ahead.

 1          MR. DAVIS:  Thank you, Your Honor.  Your Honor, we

 2    appreciate the thoughtful consideration that you've given to all

 3    of the arguments.  I know we've thrown a lot of arguments at

 4    Your Honor and multiple different rounds of briefing and

 5    Your Honor has carefully considered all the arguments, including

 6    everything that Mr. Star has said today which has been the

 7    subject of briefing.  And while, Your Honor, we don't

 8    necessarily agree with all of Your Honor's reasoning and all of

 9    Your Honor's conclusions, we recognize that Your Honor

10    considered all of our arguments thoughtfully and therefore we

11    accept the tentative.

12          Turning to the point that Mr. Star made, you first start

13    out with the issue on a twist of law analysis of what are the

14    interests of the various states.  And Your Honor quite correctly

15    started out with that point and recognized that California has a

16    very strong interest in the application of its own statute of

17    limitations precisely because statutes of limitations are

18    intended to protect the ports and not just the parties.

19    Protecting the parties is one aspect of statutes of limitations,

20    but protecting the port is another.  And the port in the

21    Deutsch v. Turner Corporations case which we cited explains that

22    very point and it says, quote, Where the conflict concerns a

23    statute of limitations the governmental interest approach

24    generally leads California courts to apply California law, close

25    quote.  Which is exactly what Your Honor held in the tentative.

26          The court then goes on to say, quote, And especially so

1  where California statute would bar a claim California's interest

2  in applying its own law is strongest when its statute of

3  limitations is shorter than that of the foreign state because a

4  quote, state, has a substantial interest in preventing the

5  prosecution in its courts of claims which it deems to be stale,

6  close internal quote.

7       Hence, subject to rare exceptions, the forum will dismiss a

8  claim that is barred by its statute of limitations, period,

9  close quote, citing the Restatement section of Conflict of Laws,

10 section 142, comment F, which is exactly the analysis that

11 Your Honor applied here.

12      And in point of fact there are very clear and palpable

13 connections between this dispute and the state of California.

14 First and foremost as Your Honor recognized in the tentative,

15 only this court will be burdened with having to litigate this

16 case which is based upon events that happened in 2006 and 2008

17 when Mr. Garrett took out this policy.  If my friends are right,

18 the Delaware substantive law applies, which we're not here to

19 discuss today, but if they're right that Delaware's substantive

20 law applies, this court will be burdened dealing with the

21 purposes for which Mr. Garrett took out an insurance policy in

22 2006 and his rationale for relinquishing that policy in 2008.

23 And it is a unique burden that will fall on this court, which is

24 precisely why Your Honor's reasoning is correct that California

25 would normally follow, apply its own statute of limitations.

26      Now my friend, Mr. Star, said repeatedly that this court

1  held that there's no statute of limitations in Delaware for

2  2704(b) actions.  That is precisely wrong.  Your Honor held

3  exactly the opposite, and I'll read from Your Honor's tentative

4  at the bottom of page 2 of the tentative.

5     Quote, Estate argues that this claim is not subject to any

6  statute of limitations, but its arguments lack support that is

7  on point.  Both cases, paren, Price Dawe and Malkin, close

8  paren, were based on the premise that STOLI policies violate

9  Delaware constitutional public policy.  Estate likens the

10 incontestability clause in Price Dawe as serving quote, the same

11 function, close quote, as the statute of limitations.  Nothing

12 in either case suggests that the claim under 18 Delaware's state

13 section 2704 is not subject to any statute of limitations,

14 period, close quote.

15    Your Honor's rejected precisely the linchpin of Mr. Star's

16 argument that there's no statute of limitations applicable to

17 these claims, and indeed neither the Price Dawe case, nor the

18 Malkin case, nor the Berland case, which is third of the

19 Delaware Supreme Court cases that the Estate relies upon for

20 this argument that Delaware has held there's no statute of

21 limitations, none of those cases deal with statute of

22 limitations.  Price Dawe dealt with the incontestability clause

23 in the contract, and what the court said is because the contract

24 is void, the incontestability provision in that contract itself

25 never came into being.  Says nothing about whether there's a

26 statute of limitations for a case brought by an insurance

1    carrier let alone by an estate.

2        Malkin, Mr. Star had argued in Malkin that the Delaware's

3    enactment of 2704(b) rendered all affirmative defenses and

4    claims improper.  But the Delaware Supreme Court in Malkin

5    precisely rejected Mr. Star's argument.  What the court in

6    Malkin has said, and I'm quoting from the name of the case, we

7    call it Malkin, Your Honor, but the name of the case is

8    Wells Fargo Bank, N.A. v. The Estate of Phyllis Malkin.  The

9    cite is 278 A.3d 53.  It's the Delaware Supreme Court and I am

10   quoting from page 62 of the Official Reporter.

11       The court said in doing an analysis as to whether 2704(b)

12   preempts defense and counterclaims, the court said, quote,

13   Finally, 2704(b) is not inconsistent with all common law

14   defenses or counterclaims that a downstream purchaser of a

15   policy might assert against an estate.

16       Continuing two sentences later talks about a specific

17   example not relevant to this case.  It then says, quote, In the

18   absence of express statutory language to the contrary a statute

19   conferring a cause of action on one party does not supercede

20   common law defenses or counterclaims that the other party might

21   assert, rather courts must look to the elements of the common

22   law defenses or counterclaims asserted, and where appropriate,

23   the public policy underlying the ban on human life wavering to

24   decide the viability of such defenses or counterclaims to an

25   estate action under 2704(b), close quote.

26       So the Delaware Supreme Court isn't even talking about

1  statutes of limitations and it rejects the argument that somehow

2  this is a magical claim for which there are no defenses.

3  There's similar, there's language in the Berland case that is

4  also helpful on this point.

5       Moving to the borrowing statute argument, the purpose, as

6  Mr. Star just explained of the borrowing statute is if a cause

7  of action arises in a foreign jurisdiction that would be barred

8  under the foreign jurisdiction's law, California will apply a

9  government's interest analysis if the California statute of

10  limitations is longer.  And it may apply the longer California

11  statute of limitations if there's a plaintiff from California,

12  but the default will be to apply the shorter foreign statute of

13  limitations.

14       Mr. Star's trying to do exactly the reverse here.  A

15  California plaintiff is seeking to apply a longer foreign

16  statute of limitations in derogation of a California statute of

17  limitations that is intended to protect the ports, among other

18  things, and therefore that borrowing statute has absolute,

19  absolutely no applicability, pardon me, no applicability here.

20       Turning to Mr. Garrett's appointment as Special

21  Administrator on behalf of the Estate, the logical underpinnings

22  of Mr. Star's argument is because Mr. Garrett, who controlled

23  whether or not he would apply to be appointed, and when he would

24  do that is allowed to vitiate statutes of limitations.

25       Carry to its logical extreme, Mr. Star's argument is if

26  Jerry Garrett delayed for five years, ten years or a hundred

1  years being appointed Special Administrator of the Estate, then

2  the claim is timely.  Clearly, that is not the purpose of

3  statutes of limitations.

4        Now under the California statute of limitations that

5  Your Honor correctly applied, which is 330(a), the one-year

6  statute of limitations, my friend argues this is neither a

7  forfeiture, nor is it a penalty.  And we submit that it is

8  actually both and that Your Honor properly explained why it is a

9  forfeiture.  It's a forfeiture, the Court's reliance on the

10  Goehring v. Chapman University's case is spot-on because in

11  Goehring what the Court said is that a forfeiture is the

12  divestiture of property without compensation.  Your Honor quotes

13  that.  That's exactly what the Estate's effort to recover

14  21 million dollars in this case that has been paid to my client

15  is.  They're trying to obtain property without any compensation

16  for it.  Not as damages.  They don't say we've been damaged.

17  They don't say we've been harmed.  They don't say we've, that

18  the damage that we suffered is 21 million dollars.  They say

19  you've received 21 million dollars.  We want it.  Give it to us.

20  That is a forfeiture and that is a penalty.

21        And with respect to the one argument Mr. Star made today,

22  which is not in his papers, is that the statute only applies to

23  individuals in the Estate and the Estate is neither.  The cases

24  we relied upon under 330(a) don't involve individuals.  They

25  involve corporate entities.

26        Eisenberg Village v. Suffolk Construction involved a

1   village, a community that was suing a contractor who was

2   unlicensed and trying to keep the benefit of the contractor's

3   work without having to pay him on the theory he was unlicensed

4   and the statute gave him a right to recover that.  And the court

5   said, well, that's a penalty because it's got no relationship to

6   your damages.  It simply is providing you with a windfall.

7        Mr. Star also makes, repeats this case or controversy

8   argument.  He says, well, gee, Viva comes running into this

9   court saying there's a concrete dispute for this court to

10  adjudicate and at the same time says that the Estate's

11  cross-complaint is barred by the statute of limitations.  The

12  way he argues it in his brief he says you are using offensively

13  a statute of limitations that can only be used defensively.

14       Respectfully, that's not so, Your Honor.  We are using the

15  statute of limitations to defend ourselves against a

16  cross-complaint that is untimely under California law.  And the

17  reason we plead that there's a concrete controversy is because

18  Mr. Stars's client at his acknowledgment granted the three

19  federal courts simultaneously, sued the wrong party,

20  ITM TwentyFirst, that never received a penny of this death

21  benefit, sought desperately to get the identity of the

22  beneficial owner.  We will get when we deal with tolling whether

23  that gives rise to tolling in substance, but tried to get the

24  identity and told the courts around the country I intend to sue

25  that beneficial, that beneficial owner.  So there was a concrete

26  controversy for this court to adjudicate.  We didn't say it was

1    a meritorious controversy.  We didn't say it was not

2    time-barred.  We said there was a controversy.  There was an

3    eminent threat of litigation.

4          Now the final point Mr. Star makes is he talks about

5    they're trying to get information on who the beneficial owner is

6    and his description, his label of shenanigans.  Your Honor is

7    not dismissing without leave to amend.  Your Honor's tentative

8    gives them an opportunity to try and plead some viable basis for

9    tolling, so we'll get to the facts and the law related to

10   tolling if they're able to successfully amend their complaint.

11   But that's not really for today, Your Honor.  Suffice it to say,

12   Your Honor already denied their motion for a stay, should reject

13   Mr. Star's oral motion for reconsideration and should stick to

14   the tentative, Your Honor.

15         THE COURT:  All right.  Thank you.

16         I'll hear from you in a minute, Mr. Star, but I'm going to

17   say this, my goal here is to seek fair play and substantial

18   justice and my ruling concerned me this evening, or last evening

19   when I put it out because it seems unjust and somewhat draconian

20   to apply the one-year statute.

21         I tend to agree with you, Mr. Star, in your comments today,

22   to me it seems like an injustice to preclude the defendant from

23   litigating the matter in light of the allegations under STOLI,

24   thus, the Court intends to apply the Delaware law under 2704(b)

25   and that there is no statute of limitations under the Delaware

26   law.  Your oral request for reconsideration I think is not going

1   to be taken as such, instead the Court will do it on its own and

2   therefore stay the matter and pending further proceedings in the

3   Delaware court.  That's my intent.

4           MR. STAR:  Thank you.  I have nothing further to add

5   then.

6           MR. DAVIS:  I would just add, Your Honor, there is no

7   proceeding in the Delaware court.

8           THE COURT:  Well, then I'm going to stay the

9   proceeding pending other proceedings because at this point that

10  will be my ruling.  All right.

11          MR. DAVIS:  Thank you, Your Honor.

12          MR. STAR:  Thank you, Your Honor.

13          THE COURT:  Have a good day.  Thank you.

14          (Proceedings concluded in this matter.)

15

16

17                      ---oOo---

18

19

20

21

22

23

24

25

26

```
 1   STATE OF CALIFORNIA)

 2                     ) SS

 3   COUNTY OF SAN MATEO)

 4

 5

 6

 7

 8        I, Valerie J. Cathey, Official Reporter of the Superior

 9   Court of the State of California, County of San Mateo, do hereby

10   certify that the foregoing pages, inclusive, comprise a full,

11   true, and correct computer-aided transcription of the

12   proceedings held on February 17, 2023, in the matter of the

13   above-entitled cause.

14

15

16   DATED:  May 17, 2023

17

18

19

20

21                              Valerie J. Cathey

22        _____

23

24             VALERIE J. CATHEY, CSR 9870
             OFFICIAL REPORTER, SUPERIOR COURT

25

26
```