# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

To commence the statutory time period for appeals as of right (CPLR 5513[a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

P R E S E N T:
    **HON. MARY H. SMITH**
    **JUSTICE OF THE SUPREME COURT**

----------------------------------------------------------------------
U.S. BANK, N.A. as Securities Intermediary, and
VISA LONGEVITY FUND, L.P.,

                Plaintiff(s),

    - against -

PETER BAROTZ, as Executor of the Estate of
Martha Barotz,

                Defendant(s).
----------------------------------------------------------------------

**DECISION & ORDER**
Index No.: 55198/2020
Motion Date: 7/17/20

    Defendant moves to dismiss the action.

The following papers were read:
| | |
|---|---:|
| Notice of Motion, Affirmation, Exhibits (10), and Memo of Law | 1-13 |
| Affirmation in Opposition, Exhibits (9), and Memo of Law | 14-24 |
| Affirmation in Reply, Exhibits (2), and Memo of Law | 25-28 |

    By way of background, on May 25, 2020, plaintiff commenced this action for a declaration pursuant to CPLR 3001 that (1) plaintiff is the rightful and sole owner of the entirety of the death benefit (Death Benefit) of a certain life insurance policy (Policy), insuring the life of Martha Barotz in the amount of $8,000,000.00, (2) this action is the only action that should proceed to adjudicate the rights associated with the Death Benefit, and (3) New York is the proper forum for any action to adjudicate the rights of the Death Benefit and any action to adjudicate the rights of the Death Benefit should be governed by New York law.

    The complaint alleges, among other things, that:

> "On or about January 7, 2020, counsel purporting to represent the Defendant, the law firm of Cozen O'Connor, wrote to U.S. Bank (hereafter, the "January 7 Letter") and requested: (1) the identity and contact information of the party on whose behalf U.S. Bank acted with respect to the Policy; (2) whether U.S. Bank received any death benefit in connection with the Policy;

1

and (3) the identity of the party(ies) to whom such death benefit may have been transferred" (Complaint ¶ 23).

The complaint also alleges that defendant filed an action in Delaware Superior Court regarding a different policy on Mrs. Barotz's life (Complaint ¶ 24). The complaint further alleges that

"As the co-trustee for the Trust at the time the Policy was issued . . . and in light of the January 7 Letter and the Delaware Action, it is believed that [defendant] intends, in the very near future, to file a suit in Delaware state or federal court against U.S. Bank seeking a declaratory judgment that the Policy's Death Benefit be paid to the Estate by U.S. Bank" (Complaint ¶ 26).

On May 29, 2020, plaintiff filed an affidavit of service, purportedly indicating that it had effectuated service of process on defendant on May 27, 2020. Now, defendant moves, pre-answer, to dismiss the action.

In support of the motion, defendant presents two arguments. First, defendant contends that the action should be dismissed as it is the second-filed action relating to the Death Benefit. Defendant notes that Mrs. Barotz passed away on December 22, 2018 and on January 4, 2019, Magna Servicing, purported to act on behalf of Wells Fargo Bank, N.A., contacted Mrs. Barotz's son, Nathan Barotz, to request a death certificate so that it could submit a death claim under the Policy. Thereafter, defendant notes, he commenced an action against Wells Fargo Bank, N.A. on May 15, 2020 regarding the Policy in the Superior Court of Delaware (Delaware Action). Subsequently, defendant asserts, he learned that of the connection to the Policy of U.S. Bank, N.A., as Securities Intermediary (that is, plaintiff in the instant action) and Vida Longevity Fund, LP (VLF) and filed an amended complaint in the Delaware Action on May 29, 2020, adding these two entities as defendants. Based on the relation-back doctrine, defendant contends, the Delaware Action was the first-filed action to include all parties to the dispute. Second, even assuming that this action may be deemed the first-filed, defendant contends that the instant action should be dismissed as an improper anticipatory declaratory judgment action, which was filed merely to avoid Delaware law.

In opposition, plaintiff initially contends that the instant action was the file-filed action. Plaintiff asserts that the first-filed rule provides that the court in which jurisdiction is first take is the one in which a matter should be determined. Here, plaintiff notes, plaintiff effectuated service of process on defendant on May 27, 2020, which was prior to defendant's filing of the amended complaint in the Delaware Action, which added plaintiff and VLF, on May 29, 2020. In addition, plaintiff asserts that it was prepared to file its summons and complaint on April 13, 2020, but was prevented by the closure of the Court due to the COVID-19 health emergency. Further, plaintiff contends that New York is the more appropriate forum for this dispute based on matters of equity, nexus of the dispute

with New York, and New York's venue statute. Lastly, plaintiff contends that the instant action is not an improper declaratory judgment action as it was instituted to comprehensively safeguard plaintiff's rights and defenses.

CPLR 3001 provides in relevant part that the Court "may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed." The Court does not provide advisory opinions to resolve issues that depend on future events that may never occur and are outside the control of the parties (*Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354 [1988]; *Enlarged City School Dist. of Middletown v City of Middletown*, 96 AD3d 840, 842 [2d Dept 2012]; *Matter of United Water New Rochelle, Inc. v City of New York*, 275 AD2d 464, 466 [2d Dept 2000]; *Hollandale Apartments & Health Club, LLC v Bonesteel*, 173 AD3d 55, 59 [3d Dept 2019]).

Here, plaintiff allegedly filed the instant action, in part, in response to a letter from defendant wherein defendant had requested information about the Policy and the Death Benefit. Based on that letter alone, there was no justiciable controversy. The fact that defendant may have challenged a different policy on Mrs. Barotz's life or that defendant's counsel may have commenced other actions challenging other life insurance policies does not alter this conclusion as each of those instances would, of course, present their own set of facts. Accordingly, defendant's motion to dismiss is granted and the instant action is dismissed.

Dated: September 3, 2020
      White Plains, New York

_____
HON. MARY H. SMITH
Justice of the Supreme Court