UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-CV-20262-BB

PACIFIC LIFE INSURANCE COMPANY,

    Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION,
as Securities Intermediary,

    Defendant.

---

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ....................................................................................................................................... 2

I. THIS COURT LACKS PERSONAL JURISDICTION OVER SECURITIES INTERMEDIARY. ............................................................................................................. 2

    A. There Is No Specific Personal Jurisdiction Over Securities Intermediary Under Florida's Long-Arm Statute. .................................................. 2

        1. Securities Intermediary Did Not "Contract[] to Insure" the Life of a Floridian. .................................................................... 2

        2. Securities Intermediary Did Not "Engage in Business" in Florida. ................................................................................................... 4

        3. Securities Intermediary Did Not Enter Into a Conspiracy, and None of the Parties to the Agreements Committed a "Tortious Act" or "Civil Wrong" Within Florida. ..................................... 6

    B. Exercising Personal Jurisdiction Over Securities Intermediary in Florida Would Violate the Due Process Clause. ................................................. 7

    C. This Court Should Deny Pacific Life's Request for Jurisdictional Discovery. ....... 9

II. THIS ACTION SHOULD BE DISMISSED AS AN IMPROPER ANTICIPATORY DECLARATORY JUDGMENT ACTION ....................................... 10

CONCLUSION ................................................................................................................................. 10

CERTIFICATE OF SERVICE ........................................................................................................ 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abromats v. Abromats*,
    2016 WL 4917153 (S.D. Fla. Sept. 15, 2016) ...........................................................................6

*Andres v. Raytheon Techs. Corp.*,
    2022 WL 1015489 (S.D. Fla. Apr. 5, 2022) ..............................................................................9

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
    582 U.S. 255 (2017)..................................................................................................................9

*Chaban Wellness LLC v. Sundesa, LLC*,
    2015 WL 4538804 (S.D. Fla. July 27, 2015)...........................................................................10

*Cornell & Co. v. Home Ins. Cos.*,
    1995 WL 46618 (E.D. Pa. Feb. 6, 1995) ..................................................................................3

*In re Flint Water Cases*,
    2018 WL 1638758 (E.D. Mich. Apr. 5, 2018)..........................................................................3

*Gregory v. EBF & Assocs., L.P.*,
    595 F. Supp. 2d 1334 (S.D. Fla. 2009) .....................................................................................5

*Hard Candy, LLC v. Hard Candy Fitness, LLC*,
    106 F. Supp. 3d 1231 (S.D. Fla. 2015) .....................................................................................7

*Hudson Cap. Props. IV, LLC v. Iecho*,
    341 So. 3d 1196 (Fla. 2d DCA 2022) .......................................................................................2

*Koe v. Maini*,
    2020 WL 13444196 (S.D. Fla. Nov. 1, 2020)...........................................................................5

*Liappas v. Augoustis*,
    47 So. 2d 582 (Fla. 1950)..........................................................................................................7

*Lincoln Benefit Life Co. v. Joanne Bauer Irrevocable Life Ins. Tr.
    12-2-2005*, 2013 WL 24590 (M.D. Fla. Jan. 2, 2013) .............................................................3

*Est. of Daher v. LSH Co.*,
    2021 WL 6809407 (C.D. Cal. Dec. 15, 2021) .........................................................................8

*Est. of Miller v. Toyota Motor Corp.*,
    2007 WL 4482589 (M.D. Fla. Dec. 18, 2007)..........................................................................4

*Est. of Pressma v. ITM TwentyFirst Servs. LLC*,
   2022 WL 4110317 (W.D. Ky. Sept. 8, 2022) ..........................................................................8

*Pierson v. Orlando Regional Healthcare Sys., Inc.*,
   619 F. Supp. 2d 1260 (M.D. Fla. 2009).................................................................................4

*Principal Life Ins. Co. v. Mayer for Mignon Kopel Life Ins. Tr.*,
   2009 WL 10668947 (S.D. Fla. Dec. 15, 2009).......................................................................3

*Royal Acquisitions 001, LLC v. Ansur Am. Ins. Co.*,
   2015 WL 1437689 (S.D. Fla. Mar. 27, 2015) ........................................................................4

*Schumacher Grp. of Del., Inc. v. Dictan*,
   327 So. 3d 404 (Fla. 3d DCA 2021) ......................................................................................2

*WBDH-BC Holdings Ltd. v. Varsatel Corp.*,
   2022 WL 3701452 (S.D. Fla. June 16, 2022) ........................................................................6

*Yepez v. Regent Seven Seas Cruises*,
   2011 WL 3439943 (S.D. Fla. Aug. 5, 2011)..........................................................................9

**INTRODUCTION**

Pacific Life's Opposition[1] fails to rehabilitate its flawed pleading. Unable to refute Securities Intermediary's evidence that specific personal jurisdiction in Florida is lacking, Pacific Life resorts to mischaracterizing positions that Securities Intermediary took in different cases, in different jurisdictions, with different facts and involving different parties, which have ***nothing to do with personal jurisdiction in Florida***, and form no basis for ***this Court*** to exercise personal jurisdiction over Securities Intermediary ***in this action***. Pacific Life's reliance on these irrelevant cases reveals the weakness of its position, and its other arguments similarly are unpersuasive.

*First*, Pacific Life argues that Securities Intermediary somehow "contract[ed] to insure" Ms. Weiser's life. Wrong. The "contract[] to insure" prong of the Florida long-arm statute applies only to ***insurers***, and does ***not*** apply to a defendant—like Securities Intermediary—that merely purchased an insurance policy years after the insurer issued it.

*Second*, Pacific Life argues that Securities Intermediary "engaged in business" in Florida in a way that gave rise to Pacific Life's claims. Wrong again. The Nuxoll Declaration, submitted in support of Securities Intermediary's Motion, established that Securities Intermediary took ***no action within Florida*** "to monitor, service or maintain the Policy." *See* Nuxoll Decl. ¶¶ 9-10.

*Third*, Pacific Life contends that, by virtue of Securities Intermediary's ministerial role in the Agreements, Securities Intermediary somehow entered a "conspiracy" to commit a tort within Florida. This position makes no sense because a conspiracy requires an underlying "tort" or "civil wrong," and Pacific Life has failed to allege that ***anyone*** committed a tort or civil wrong giving rise to its claims for declaratory relief, much less a tort or civil wrong that occurred within Florida.

---

[1] "Opposition" or "Opp." means Pacific Life's Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 60). Undefined terms used herein have the same meaning as in Securities Intermediary's Motion to Dismiss Plaintiff's First Amended Complaint and Incorporated Memorandum of Law (ECF No. 56) ("Mem.").

*Fourth*, Pacific Life contends that exercising personal jurisdiction over Securities Intermediary in Florida would not offend due process because Securities Intermediary owns an insurance policy insuring the life of a Floridian. But this proposition is in conflict with the authorities cited in Securities Intermediary's opening Memorandum, which Pacific Life ignores.

*Finally*, Pacific Life fails to offer any compelling reason why this anticipatory declaratory judgment action should go forward even though Securities Intermediary has commenced an action in California seeking ***coercive*** (as opposed to declaratory) relief against Pacific Life.

## ARGUMENT

**I.   THIS COURT LACKS PERSONAL JURISDICTION OVER SECURITIES INTERMEDIARY.**

    **A.   There Is No Specific Personal Jurisdiction Over Securities Intermediary Under Florida's Long-Arm Statute.**

Although Pacific Life belatedly identifies three prongs of the long-arm statute that it contends are satisfied here, none of those prongs confers personal jurisdiction over Securities Intermediary in this Action.

        **1.   Securities Intermediary Did Not "Contract[] to Insure" the Life of a Floridian.**

Pacific Life first argues that Securities Intermediary is subject to personal jurisdiction because it "[c]ontract[ed] to insure a person, property, or risk located within [Florida] at the time of contracting." *See* Opp. at 7-8 (quoting Fla. Stat. § 48.193(1)(a)(4)). This is wrong. The "[c]ontract[] to insure" prong of the long-arm statute applies ***only to insurance companies***. *See Hudson Cap. Props. IV, LLC v. Iecho*, 341 So. 3d 1196, 1200 (Fla. 2d DCA 2022) (holding that the statute's plain language "connotes the act of contractually binding oneself to insure a person, property, or risk located within this state" and therefore "***requires the defendant to be an insurer***" (emphasis added)); *see also Schumacher Grp. of Del., Inc. v. Dictan*, 327 So. 3d 404, 409 (Fla. 3d

DCA 2021). In other words, this prong would be sufficient to confer personal jurisdiction over *Pacific Life* (which issued the Policy), but it is not applicable to Securities Intermediary (which did ***not*** issue the Policy but merely became the legal owner of the Policy in 2008—more than three years after Pacific Life issued it). *See* Am. Compl. ¶ 65.

Pacific Life's two Florida cases do not hold otherwise. In *Lincoln Benefit Life Co. v. Joanne Bauer Irrevocable Life Insurance Trust 12-2-2005*, the court conducted no analysis of the Florida long-arm statute because the defendant ***conceded*** that the "[c]ontract[] to insure" prong applied to her. *See* 2013 WL 24590, at *3 (M.D. Fla. Jan. 2, 2013). Moreover, the facts of *Lincoln* readily are distinguishable because the defendant there—unlike Securities Intermediary here—had been involved in applying for the insurance policy: she had signed the policy application and was the trustee of the policy's owner and beneficiary ***at inception***. *Id.* at *1. Securities Intermediary, by contrast, was ***not*** involved in the application for the Policy and did ***not*** acquire legal title to the Policy ***until more than three years after it was issued***. *See* Am. Compl. ¶ 65. As for the other Florida case, Pacific Life's reliance on it is even more puzzling because the court there ***did not rely exclusively on the "[c]ontract[] to insure" prong***. *See Principal Life Ins. Co. v. Mayer for Mignon Kopel Life Ins. Tr.*, 2009 WL 10668947, at *3 (S.D. Fla. Dec. 15, 2009).[2] Instead, it held that long-arm jurisdiction existed because, unlike here, the plaintiff adequately had pled that the defendant was a "co-conspirator" to a scheme that involved a "tortious act committed in Florida," and the defendant had "contacted [the insured] in Florida pursuant to this alleged scheme." *Id.*

---

[2] Pacific Life's two non-Florida cases similarly are distinguishable. *See In re Flint Water Cases*, 2018 WL 1638758, at *4 (E.D. Mich. Apr. 5, 2018) (defendant applied for and obtained insurance for its employees in Michigan); *Cornell & Co. v. Home Ins. Cos.*, 1995 WL 46618, at *3 (E.D. Pa. Feb. 6, 1995) (defendant insurance broker offered and issued certificate of insurance to cover Pennsylvania job site). These cases are also irrelevant, as they interpret the long-arm statutes of Michigan and Pennsylvania, respectively, and have nothing to do with Florida.

### 2. Securities Intermediary Did Not "Engage in Business" in Florida.

Pacific Life next argues that long-arm jurisdiction exists because (1) Securities Intermediary was "[o]perating, conducting, engaging in, or carrying on a business or business venture" in Florida and (2) these purported actions somehow gave rise to Pacific Life's claims. *See* Opp. at 8-10 (quoting Fla. Stat. § 48.193(1)(a)(1)). This argument is baseless.

The "engaged in business" prong of the Florida long-arm statute requires allegations that the defendant conducted "a general course of business activity in the state for pecuniary benefit." Mem. at 12 (quoting *Royal Acquisitions 001, LLC v. Ansur Am. Ins. Co.*, 2015 WL 1437689, at \*2 (S.D. Fla. Mar. 27, 2015)). Pacific Life does not even ***attempt*** to explain how its allegations satisfy this basic requirement. Instead, it merely repeats its false allegation that Securities Intermediary "monitored" Ms. Weiser in Florida (Opp. at 9), while doing nothing to rebut Securities Intermediary's evidence to the contrary. *See* Nuxoll Decl. ¶¶ 9-10 ("At no time did Securities Intermediary have any contact with Judith Weiser, her family, her estate, or any other individual or entity in Florida respecting the Policy or the payment of the Policy proceeds"; "[a]t no time did Securities Intermediary take any action within Florida to monitor, service or maintain the Policy.").

Unable to rebut the sworn statements in the Nuxoll Declaration, Pacific Life resorts to mischaracterizing that Declaration as a "self-serving affidavit" that the Court "need not consider … on a motion to dismiss." Opp. at 9 n.6. But Pacific Life's cited cases concern 12(b)(6) motions to dismiss ***for failure to state a claim***. *See Pierson v. Orlando Regional Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1282 n.32 (M.D. Fla. 2009) ("[T]he Court cannot consider such affidavits in ruling on a 12(b)(6) motion to dismiss … ."); *Est. of Miller v. Toyota Motor Corp.*, 2007 WL 4482589, at \*3 (M.D. Fla. Dec. 18, 2007) (excluding affidavits submitted by defendant in support of "its motion to dismiss under 12(b)(6)"). Contrary to what Pacific Life claims, courts routinely

consider affidavits when ruling on 12(b)(2) motions to dismiss for lack of personal jurisdiction. *See, e.g.*, *Koe v. Maini*, 2020 WL 13444196, at *7 (S.D. Fla. Nov. 1, 2020) (granting motion to dismiss for lack of personal jurisdiction because plaintiff "failed to provide counter evidence to refute the affidavits" submitted by defendants).

In yet another effort to circumvent the Nuxoll Declaration, Pacific Life claims in a footnote that Securities Intermediary "monitored" the Policy not on its own, but through unnamed "agents." Opp. at 9 n.6. This argument fails because there is not a single allegation in the Amended Complaint that could give rise to an agency relationship. All the Amended Complaint says is this:

> "[Securities Intermediary] routinely reached into the state of Florida by phone, letter, or other method to communicate with Ms. Weiser, her family members, her designated contacts, and/or her medical professionals, to monitor her health, and to ultimately determine if and when she had died. [Securities Intermediary] did this itself ***or by requesting that entities like LexServ LLC do so***."

Am. Compl. ¶ 13 (emphasis added). This barebones and conclusory allegation falls far short of establishing an agency relationship because it does not even identify the purported agent (other than to speculate that it may have been "LexServ LLC"), much less allege whether or how Securities Intermediary had any control over the purported agent. *See Gregory v. EBF & Assocs., L.P.*, 595 F. Supp. 2d 1334, 1337, 1340 (S.D. Fla. 2009) (granting motion to dismiss for lack of personal jurisdiction because plaintiff failed to establish the elements of an agency relationship under Florida law, which are "(1) acknowledgement by the principal that the agent will act for it, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent"). But even if the Amended Complaint did adequately allege an agency theory (it ***does not***), "entities like LexServ" (*i.e.*, those that service life insurance policies for owners) ***are not subject to personal jurisdiction in Florida*** just because they "reach into" Florida to "monitor" the health of insureds. *See, e.g.*, Ex. 1, Order, ECF No. 51, *Est. of Krinsky v. GIII Accumulation Tr.*,

*et al.*, No. 22-cv-80059-AHS (S.D. Fla. May 25, 2022) (granting motion to dismiss for lack of personal jurisdiction because "LexServ's servicing of the life insurance policy [in Florida] simply cannot be classified as a business venture").

Finally, Pacific Life repeats that Securities Intermediary "reached into Florida to obtain a copy of [Ms. Weiser's] death certificate from the Florida Bureau of Vital Statistics," but it cites no authority supporting the idea that this isolated activity constituted "engaging in business" in Florida. *See* Opp. at 9.  Pacific Life also fails to explain how its claims—which seek a declaration that the Policy is void *ab initio* for lack of insurable interest ***at inception***—could "arise from" a request for Ms. Weiser's death certificate more than 17 years ***after*** the Policy's inception.

### 3. Securities Intermediary Did Not Enter Into a Conspiracy, and None of the Parties to the Agreements Committed a "Tortious Act" or "Civil Wrong" Within Florida.

Pacific Life next argues that Securities Intermediary is subject to personal jurisdiction in Florida because nonparty Coventry—***not*** Securities Intermediary—"committ[ed] a tortious act within" Florida by "reaching into" the state "to solicit and induce Ms. Weiser" to apply for the Policy.  Opp. at 10-11.  According to Pacific Life, this purported "tortious act" by nonparty Coventry is imputable to Securities Intermediary as Coventry's "co-conspirator."  *Id.*  Not so.

"An action for civil conspiracy requires that a claimant plead an underlying tort or civil wrong, serving as the conspiracy's object." *Abromats v. Abromats*, 2016 WL 4917153, at *4 (S.D. Fla. Sept. 15, 2016).  And when a plaintiff relies on that "underlying tort" or "civil wrong" to establish personal jurisdiction, the tort or wrong must have occurred ***in Florida***.  *See WBDH-BC Holdings Ltd. v. Varsatel Corp.*, 2022 WL 3701452, at *5 (S.D. Fla. June 16, 2022) ("[A] party asserting conspiracy jurisdiction over a nonresident defendant under section 48.193(1)(a)(2) must allege that the underlying conspiratorial torts occurred within the state.").

Here, Pacific Life has failed to allege that **any** tort or civil wrong was committed in Florida—whether by Coventry, AIG, Securities Intermediary or anyone else. Pacific Life states in the Opposition that Coventry "reach[ed] into Florida to solicit and induce Ms. Weiser" (Opp. at 11), but this vague, *post hoc* speculation appears nowhere in the Amended Complaint (and describes an act that would have taken place at least three years before Securities Intermediary became the Policy's owner). Moreover, this speculation would be insufficient to confer personal jurisdiction because Pacific Life fails to explain how it constitutes a tort or civil wrong. *See Liappas v. Augoustis*, 47 So. 2d 582, 582 (Fla. 1950) ("[A]n act which constitutes no ground of action against one person cannot be made the basis of a civil action for conspiracy.").

In sum, none of the three prongs of the Florida long-arm statute identified by Pacific Life confers personal jurisdiction over Securities Intermediary in this Action. Thus, the Court can (and should) grant Securities Intermediary's motion without any further analysis. *See Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1250 n.7 (S.D. Fla. 2015) ("Because there is no specific jurisdiction under the long-arm statute, the Court does not need to determine whether exercising specific jurisdiction would comport with due process.").

      **B.**    **Exercising Personal Jurisdiction Over Securities Intermediary in Florida Would Violate the Due Process Clause.**

Securities Intermediary demonstrated that exercising personal jurisdiction over it in Florida would violate the Due Process Clause because the entire locus of Pacific Life's claims occurred **outside Florida**, and Pacific Life has failed to allege any suit-related conduct by Securities Intermediary that creates a substantial connection with Florida. *See* Mem. at 11, 15. Pacific Life does not and cannot rebut this showing.

Instead, Pacific Life argues that "owning a life-insurance policy on another individual suffices by itself to establish minimum contacts to subject the owner to personal jurisdiction in the

insured's home forum." Opp. at 12.  But Securities Intermediary cited cases—which Pacific Life completely ignores—demonstrating that this is wrong.  *See* Mem. at 16 (citing *Est. of Daher v. LSH Co.*, 2021 WL 6809407, at *5 (C.D. Cal. Dec. 15, 2021) ("The fact that [defendant] happened to purchase a life insurance policy on a California resident was a 'random, fortuitous, or attenuated' contact that is 'insufficient to create the requisite connection with the forum.'"); *Est. of Pressma v. ITM TwentyFirst Servs. LLC*, 2022 WL 4110317, at *4-5 (W.D. Ky. Sept. 8, 2022) (no personal jurisdiction over downstream purchaser of policy insuring life of Kentucky resident)).

In addition, the cases that Pacific Life relies upon are inapposite.  In *Reassure America Life Insurance Co. v. Midwest Resources, Ltd.*, the defendant did not merely purchase a policy insuring a Pennsylvania resident, but also "maintain[ed] subsequent contacts with Pennsylvania residents in furtherance of its interest in the policy."  721 F. Supp. 2d 346, 349 (E.D. Pa. 2010).  And in *Smith v. Life Partners, Inc.*, the defendant "maintained contact with [the insured's] New Jersey physicians, corresponding periodically with their respective offices."  2007 WL 2847400, at *14 (N.J. Super. Ct. App. Div. Oct. 3, 2007).  These facts distinguish the *Reassure* and *Smith* defendants from Securities Intermediary, which had no contact with anyone in Florida respecting the Policy.  *See* Nuxoll Decl. ¶¶ 9-10.  And in *McGee v. International Life Insurance Company*, the defendant was an ***insurance company*** that had offered and provided life insurance coverage to the insured.  355 U.S. 220, 221-22 (1957).  Securities Intermediary, by contrast, merely acquired legal title to the Policy more than three years after Pacific Life issued it.  *See* Am. Compl. ¶ 65.

Next, Pacific Life argues that "U.S. Bank's own course of conduct shows that exercising jurisdiction over [it] in the state where the insured lived is not unconstitutional." Opp. at 13.  But in doing so it misleadingly quotes from Securities Intermediary's submissions in various contexts that had ***nothing to do with personal jurisdiction***.  In *Barotz*, for example, Securities Intermediary

8

argued that the dispute should proceed in New York—which just so happened to be where the insured had resided—but that was only because *there was already another action pending in New York*. *See* Opp. Ex. B at 1-2, 7-10. And in *Wilhelm*, California was the "most natural forum" for a variety of reasons specific to the facts of that case—not just because the insured had happened to live there. *See* Opp. Ex. A at 8-9. In any event, Securities Intermediary's contentions in different cases, in different jurisdictions, with different facts and involving different parties have ***nothing to do with*** whether this Florida Court can exercise ***specific*** personal jurisdictional over Securities Intermediary in this Action. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 262 (2017) ("In order for a state court to exercise specific jurisdiction, 'the *suit*' must arise out of or relate to the defendant's contacts with the forum.").

Because this Court cannot exercise specific personal jurisdiction over Securities Intermediary without violating due process, Securities Intermediary's motion must be granted.

**C. This Court Should Deny Pacific Life's Request for Jurisdictional Discovery.**

Pacific Life's half-hearted request for jurisdictional discovery should be rejected. "[J]urisdictional discovery is not warranted solely to remedy a lack of jurisdictional facts." *Andres v. Raytheon Techs. Corp.*, 2022 WL 1015489, at *3 (S.D. Fla. Apr. 5, 2022). Here, Pacific Life says it should be allowed to take sweeping jurisdictional discovery "to obtain information bearing on the nature and extent of [Securities Intermediary's] contacts with Florida" (Opp. at 16), without specifying what kinds of evidence it possibly could discover that could establish personal jurisdiction over Securities Intermediary. Neither the Court nor Securities Intermediary should be forced to bear the burden and/or cost of this proposed fishing expedition. *See Yepez v. Regent Seven Seas Cruises*, 2011 WL 3439943, at *2 (S.D. Fla. Aug. 5, 2011) ("[T]he typical plaintiff is expected to be able to allege [jurisdictional] facts in good faith without the benefit of discovery.").

**II.      THIS ACTION SHOULD BE DISMISSED AS AN IMPROPER ANTICIPATORY DECLARATORY JUDGMENT ACTION.**

Securities Intermediary demonstrated that this Action should be dismissed in favor of the California Action, where Securities Intermediary has sued Pacific Life for coercive relief.

In response, Pacific Life invokes the first-filed rule, but there is a well-settled exception to that rule for anticipatory declaratory judgment actions such as this Action.  *See Chaban Wellness LLC v. Sundesa, LLC*, 2015 WL 4538804, at *3 (S.D. Fla. July 27, 2015).  Pacific Life says this exception does not apply because Securities Intermediary did not "notify or indicate to Pacific Life that it would file suit to seek enforcement of the policy" (Opp. at 17), but that is only because Securities Intermediary had no opportunity to do so.  Pacific Life filed this Action ***before*** it took any action with respect to Securities Intermediary's claim for the Policy proceeds.  Extended to its logical conclusion, Pacific Life's argument would mean that a policyholder must sue (or threaten to sue) the insurer ***every time*** it submits a claim to prevent the insurer from filing a preemptory declaratory judgment action.  Such a rule, which would upend the entire insurance industry, cannot be the law.

Pacific Life also argues that the *Ameritas* factors are "inapplicable" because the California action is now "pending in federal court." Opp. at 19.  But the only reason the California action is now in federal court is that Pacific Life improperly "snap" removed it from state court.  Securities Intermediary's motion to remand the California action to state court currently is being briefed.  *See* Mot. to Remand, ECF No. 10, *U.S. Bank Nat'l Assoc. v. Pac. Life Ins. Co.*, No. 8:23-cv-1020 (C.D. Cal. July 10, 2023).  Because the California action belongs in—and should return to—state court, the *Ameritas* factors dictate that this dispute should be heard in California.  *See* Mem. at 19.

## CONCLUSION

For the foregoing reasons, Securities Intermediary's motion to dismiss should be granted.

10

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

>Respectfully submitted,
>
>**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
>*Counsel for Defendant*
>1450 Brickell Avenue, Suite 2300
>Miami, Florida 33131
>Tel.: (305) 374-7580
>Fax: (305) 374-7593
>
>By: */s/ Mitchell E. Widom*
>**Mitchell E. Widom** (FBN: 473911)
>mwidom@bilzin.com
>etrujillo@bilzin.com
>eservice@bilzin.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 26, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>By: */s/ Mitchell E. Widom*
>Mitchell E. Widom